﻿Citation Nr: AXXXXXXXX
Decision Date: 01/29/21 Archive Date: 01/29/21

DOCKET NO. 200310-72991
DATE: January 29, 2021

ORDER

Service connection for obstructive sleep apnea is granted.

FINDING OF FACT

The medical evidence of record is in relative equipoise as to whether it is at least as likely as not that the Veteran’s sleep apnea is etiologically related to his service.

CONCLUSION OF LAW

By resolving any residual doubt in the Veteran’s favor, the criteria for service connection for obstructive sleep apnea have been met. 38 U.S.C. §§ 1110, 5107(b); 38 C.F.R. §§ 3.102, 3.303. 

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran honorably served on active duty from September 1966 to June 1970. In a February 2014 rating decision, the Regional Office (RO) denied reopening his original claim for service connection for obstructive sleep apnea (OSA). The Veteran appealed. In February 2019, the Board reopened and remanded the claim for further development. In a November 2019 rating decision, the RO denied the claim on the merits. The Veteran again appealed, electing the Board’s evidence submission lane. As such, the Board’s review is based on the evidence of record at the time the RO issued its decision on November 14, 2019, and any evidence received within 90 days from the date of filing his Notice of Disagreement (VA Form 10182) on March 10, 2020. See 38 C.F.R. § 20.303.

Service connection generally is granted for the claimed current disability, so long as the evidence of record as a whole shows that it is at least as likely as not that such disability was incurred in or otherwise is etiologically related to service. See 38 U.S.C. § 1110. 38 C.F.R. 3.303. In cases, where the negative and the positive evidence strikes an approximately equal balance, known as relative equipoise, the Veteran is afforded the benefit of the doubt, that is, any residual doubt is resolved in the Veteran’s favor. See 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102. 

In this case, an August 2000 sleep study report reflects an unequivocal clinical diagnosis of OSA which was never in dispute. Rather the gravamen of this appeal arises from the competing medical opinions of record. In a June 2014 letter VA received in August 2014 from the Veteran’s physician, Dr. M.K.S., MD, reflects an opinion that it is highly likely that the Veteran’s sleep apnea had its origins during the time of his active service, although no rationale for the rendered conclusion has been offered. Given that the most probative value of a medical opinion is derived from its rationale, the Dr. M.K.S.’s opinion was found insufficient to support a grant of service connection, but the Board found that it did trigger the VA’s duty to assist the Veteran in developing his claim, to include providing a medical examination. Accordingly, the Board remanded the claim for a supplemental medical opinion which was obtained in November 2019 but turned out negative. In March 2020, the Board received a February 2020 independent medical opinion rendered by Dr. H.J.M. MD, who opined that it was at least as likely as not the Veteran’s sleep apnea was etiologically related to his service. This opinion was supported by a lengthy rationale and cited substantial medical research to support its conclusion.

Looking at the two opinions, the VA examiner’s negative opinion is largely based on the absence of pertinent documented complaints, diagnosis, or treatment at any time prior to 2000 and the Veteran’s history of smoking which, per examiner, is a known risk factor for developing OSA. By contrast, the private opinion focuses on the pertinent symptomatology during the Veteran’s service, to include snoring, daytime fatigue and sleepiness, which are the characteristic OSA manifestations but were ignored likely due to extremely limited medical knowledge about OSA at the time of the Veteran’s service in the 1960s. 

Both the November 2019 and the February 2020 medical opinions are persuasive. Both have been rendered by licensed medical professionals who reviewed the Veteran’s service and post-service treatment records, relied on the accurate facts, and supported their respective opinions by the thorough and sound rationale, however, leading to the diametrically opposite conclusions. 

By implication, the Board finds that the evidence of record is in relative equipoise. As such, upon according the Veteran the benefit of the doubt, the Board finds that the legal criteria for service connection have been met. 

Accordingly, service connection for OSA is granted. 

 

 

MATTHEW W. BLACKWELDER

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Alex Bardin, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.